UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LATONYA CONNALLY**,

          Plaintiff,

vs.

**UNITED STATES DEPARTMENT
OF VETERAN AFFAIRS,**

          Defendant.

Case No.

Hon.

_____/

**MILLER COHEN, P.L.C.**
Andrea M. Frailey (P82466)
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
afrailey@millercohen.com
kflynn@millercohen.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

   */s/Andrea M. Frailey*
          Andrea M. Frailey

**NOW COMES** Plaintiff, **LATONYA CONNALLY**, by and through her attorneys, **MILLER COHEN, P.L.C.**, for her Complaint and Demand for Trial by Jury against the Department of Veteran Affairs, and states as follows:

## INTRODUCTION

Plaintiff LaTonya Connally worked as a registered nurse at the John D. Dingell Medical Center from June 2019 until August 2020 as an employee of the Department of Veteran Affairs ("Defendant"). In late-March 2020, Plaintiff's mother was diagnosed with COVID-19.  Given her close proximity to her mother, a medical professional ordered Plaintiff to quarantine due to COVID-19 exposure. Plaintiff, herself, began experiencing the symptoms of COVID-19 and subsequently tested positive.  Through all of this, Plaintiff remained in contact with Defendant's human resources department and provided them with updates.  In late April, Plaintiff was cleared to return to work.

Despite advising the Defendant of her status throughout her period of quarantine, Defendant notified Plaintiff that it considered her to be AWOL (absence without leave).  Despite having been back to work for almost three months. Plaintiff received a letter from Defendant in July 2020 stating that the Professional Standards Board ("PSB") had reviewed her contract and recommended Plaintiff be terminated effective August 21, 2020.  Seeing the writing on the wall, Plaintiff submitted her resignation on August 12, effective August 14 to avoid having a termination on her record.

Defendant violated Michigan and Federal law by constructively terminating Plaintiff Connally for quarantining during the COVID-19 pandemic. The Emergency Paid Sick Leave Act (EPSLA) requires Defendant to provide its employees who have COVID-19 or are caring for someone who has COVID-19 with paid sick time. Defendant refused to do so for Plaintiff. Further, Michigan law prohibits the Defendant from terminating an employee who quarantines due to exposure to or diagnosis of COVID-19. In direct violation of said law, Defendant terminated Plaintiff when she took time off work to care for her sick mother as well as herself. Due to Defendant's actions, Plaintiff lost her job, wages, and benefits, and has been subjected to emotional harm. Plaintiff therefore requests that she be made whole for the injuries incurred due to these violations.

## PARTIES

1. Plaintiff, Latonya Connally, is a private citizen and, at all material times, has been a resident of the City of Grosse Pointe Farms, County of Wayne, and State of Michigan.

2. Defendant, the Department of Veteran Affairs, is a federal governmental agency.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's claims arising under the Emergency Paid Sick Leave Act, 134 Stat. 178, § 5101, et seq., and the Family Medical Leave Act, 29 U.S.C. § 2611 et seq.

4. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## **GENERAL ALLEGATIONS**

6. Plaintiff, Latonya Connally, worked for Defendant from around June 2019 until August 14, 2021, at the John D. Dingel Medical Center in Detroit, Michigan as a registered nurse.

7. In December 2019, Plaintiff traveled to Oklahoma City to pick up her ill mother and bring her to Michigan where she was admitted to Beaumont Hospital.

8. After her hospital stay, Plaintiff's mother was admitted to a rehabilitation facility.

9. In January 2020, Plaintiff's mother was released from the rehabilitation facility into Plaintiff's care as a registered nurse. Plaintiff requested intermittent FMLA leave from Defendant in order to care for her mother.

10. On January 21, 2020, Defendant granted Plaintiff's request for intermittent FMLA leave from January 13, 2020 through January 13, 2021.

11. On January 28, 2020, Defendant amended its decision and instead denied Plaintiff's request for intermittent FMLA leave stating Plaintiff was not eligible for FMLA leave until January 12, 2021. In that same memorandum, Defendant informed Plaintiff that she was eligible for Family Friendly Leave by utilizing sick leave.

12.     Plaintiff went on Family Friendly Leave starting in January 2020.

13.     After Plaintiff requested leave to care for her mother, she was retaliatorily transferred from a day shift position to a midnight shift position.  Plaintiff was the only employee moved to the midnight shift at this time.

14.     Fellow employees told Plaintiff that they expected she would be terminated soon after the transfer to the midnight shift as that was her supervisor's pattern of behavior.

15.     On March 22, 2020, Beaumont Hospital admitted Plaintiff's mother for COVID-19 complications.

16.     After the hospital discharged Plaintiff's mother, the physician in charge of her care ordered that she remain in self quarantine for two weeks while Plaintiff provided 24-hour care.

17.     On April 1, 2020, Plaintiff requested leave without pay to care for her sick mother.

18.     On April 7, 2020, during her mother's quarantine period, Plaintiff began to experience symptoms of COVID-19 and her physician instructed her to remain in quarantine until symptoms resolved and 14 days had passed since the onset of symptoms.

19.     On April 16, 2020, Defendant denied Plaintiff's request for leave without pay.

20. Despite said denial, Plaintiff alerted her supervisor and Defendant's human resources department of her condition and informed them that she would return to work at the end of her quarantine period, on April 22, in accordance with the physician's orders.

21. Also on April 16, 2020, Defendant sent Plaintiff a letter informing her that it considered her to be AWOL starting on April 12, 2020 and ordered her to report to work on April 23, 2020.

22. Plaintiff reported to work as scheduled on April 23, 2020.

23. On May 5, 2020, Plaintiff received an email bulletin from Defendant notifying her that Defendant's employees were eligible for leave under the EPSLA, retroactive to April 1, 2020.

24. Shortly thereafter, Plaintiff requested her supervisor remove the AWOL period from Plaintiff's attendance record as such time should be considered leave under the EPSLA.

25. At this time, Plaintiff's supervisor told Plaintiff that her absence did not qualify under the EPSLA.

26. Plaintiff spoke to several individuals in Defendant's HR department, and, on May 8, 2020, Plaintiff sent a formal request for leave under the EPSLA in order to correct the improper AWOL status on her attendance record.

27.     On May 12, Plaintiff followed up on her request and her supervisor informed her that HR had been directed to enter sick leave time under the EPSLA.

28.     Plaintiff's supervisor further informed Plaintiff that in order to take leave under the EPSLA, Plaintiff would "owe a debt," however, Plaintiff's supervisor did not explain what this meant.

29.     Following her return to work after her quarantine period, Plaintiff did not miss a shift or take any time off, and, on May 18, 2020, received a glowing performance evaluation.

30.     At no point during Plaintiff's May evaluation was her attendance raised as a concern.

31.     Plaintiff's position and employment is subject to the governing collective bargaining agreement.

32.     The collective bargaining agreement provides that performance evaluations are to serve as a basis for action when an employee's performance is unsatisfactory.

33.     In June 2020, Plaintiff received notice of a hearing scheduled for July 8, 2020, with the PSB to discuss Plaintiff's performance, specifically her attendance.

34.     On July 7, 2020, Defendant granted Plaintiff's current request for intermittent FMLA leave from June 30, 2020 through June 29, 2021 to care for her mother.

35.     On July 29, 2020, Defendant sent Plaintiff a letter stating that the PSB recommended that Plaintiff be terminated.

36. In that same letter, Defendant stated that it agreed with the PSB's recommendation and that Plaintiff's employment would be separated effective August 21, 2020.

37. After receiving her termination notice, Plaintiff called several members of Defendant's management to discuss her termination. Management declined to meet with Plaintiff.

38. At this time, a fellow employee informed Plaintiff that her supervisor had been making comments about Plaintiff to the effect of "we got rid of her. She tried to have a meeting with management but it didn't happen."

39. Seeing the writing on the wall, Plaintiff submitted her resignation on August 12 – effective August 14, 2020.

## COUNT I
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT ("EPSLA") INTERFERENCE

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff is considered an "employee" under § 5110(1) of the EPSLA.

42. Defendant is considered an "employer" under § 5110(2) of the EPSLA.

43. Plaintiff was entitled to leave under the EPSLA during the time period she was caring for her mother who had been advised by a medical professional to quarantine due to COVID-19.

44. Plaintiff was entitled to leave under the EPSLA during the time period she had been advised by a medical professional to quarantine due to COVID-19.

45. While Defendant granted Plaintiff's request for EPSLA leave, it informed her that taking said leave would cause her to "owe a debt" to Defendant.

46. Interfering with Plaintiff's right to protected leave under the EPSLA is a violation of the EPSLA. 134 Stat. 178, § 5102(a).

47. Plaintiff was subsequently terminated due to the leave that had been approved by the Defendant under the EPSLA.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages including; back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT II
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT ("EPSLA")
## RETALIATION

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff is considered an "employee" under § 5110(1) of the EPSLA.

50. Defendant is considered an "employer" under § 5110(2) of the EPSLA.

51. Plaintiff was entitled to leave under the EPSLA during the time period she was caring for her mother who had been advised by a medical professional to quarantine due to COVID-19.

52. Plaintiff was entitled to leave under the EPSLA during the time period she had been advised by a medical professional to quarantine due to COVID-19.

53. While Defendant granted Plaintiff's request for EPSLA leave, it informed her that taking said leave would cause her to "owe a debt" to Defendant.

54. Terminating Plaintiff in retaliation for taking leave that should have been protected under the EPSLA is a violation of the EPSLA. 134 Stat. 178 § 5102(a).

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages, including, but not limited to, back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") RETALIATION

55. Plaintiff incorporates by reference all preceding paragraphs.

56. Plaintiff is considered an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(a).

57. Defendant is considered an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(a).

58. Plaintiff was entitled to leave under the FMLA in June 2021 when she was caring for her mother who suffered from a serious health condition.

59. While Defendant granted Plaintiff's request for FMLA leave, it terminated her three weeks later citing attendance as the reason for Plaintiff's termination.

10

60.     Terminating Plaintiff in retaliation for taking leave that should have been protected under the FMLA is a violation of the FMLA.  29 U.S.C. § 2615(a)(2).

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages, including, but not limited to, back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT IV
## VIOLATION OF MICHIGAN PUBLIC ACT 238, MCL § 419.401, *ET SEQ*.

61.     Plaintiff incorporates by reference all preceding paragraphs.

62.     Plaintiff is considered an "employee" under MCL § 419.401(c).

63.      Defendant is considered an "employer" under MCL § 419.401(d).

64.     Plaintiff was entitled to leave under the EPSLA during the time period she was caring for her mother who had been advised by a medical professional to quarantine due to COVID-19.

65.     Plaintiff was prohibited from reporting to work while she was caring for her mother during her mother's quarantine period by MCL § 419.405(3).

66.     Plaintiff was prohibited from reporting to work while she was experiencing symptoms of COVID-19 for the duration of her physician's instructions by MCL § 419.05(1).

11

67. Terminating Plaintiff for not reporting to work while she was caring for her sick mother and experiencing COVID-19 symptoms is a violation of MCL § 419.403(1).

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages, including, but not limited to, back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

Respectfully submitted,

**MILLER COHEN PLC**

By: */s/Andrea M. Frailey*
Andrea M. Frailey (P82466)
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, Michigan 48202
(313) 964-4454

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LATONYA CONNALLY**,

          Plaintiff,

vs.

Case No.

Hon.

**DEPARTMENT OF VETERAN AFFAIRS,**

          Defendant.

_____/

**MILLER COHEN, P.L.C.**
Andrea M. Frailey (P82466)
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
afrailey@millercohen.com
kflynn@millercohen.com

_____/

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **LATONYA CONNALLY**, by and through her attorneys, **MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

[THIS SPACE INTENTIONALLY LEFT BLANK

                    Respectfully submitted,

                    **MILLER COHEN PLC**

                    By: */s/Andrea M. Frailey*
                        Andrea M. Frailey (P82466)
                        Keith D. Flynn (P74192)
                        *Attorneys for Plaintiff*
                        7700 Second Avenue, Suite 335
                        Detroit, Michigan 48202
                        (313)  964-4454

Dated: February 7, 2022